ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| CAROL SOSA SANTIAGO<br><br>Peticionaria<br><br>v.<br><br>NUMED MEDICAL SERVICES, LLC Y OTROS<br><br>Recurridos | KLCE202400249 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm.: CA2020CV02707<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de abril de 2024.

Comparece la parte demandante y peticionaria, Carol Sosa Santiago, mediante un recurso discrecional de *certiorari* instado el 28 de febrero de 2024. Impugna la *Resolución* dictada el 10 de enero de 2024, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala de Carolina (TPI). En el aludido pronunciamiento, el TPI resolvió que la enmienda a la *Demanda* para alegar la falta de consentimiento informado no causaba un perjuicio a la parte demandada y recurrida, Numed Medical Services, LLC y Denise Di Brito, entre otros. No obstante, justipreció que dicha causa de acción estaba prescrita.

Anticipamos que acordamos expedir el auto discrecional y revocar el dictamen recurrido.

**I.**

La causa de autos se inició el 19 de diciembre de 2020, ocasión en que la señora Sosa Santiago instó una *Demanda* sobre daños y perjuicios contra la parte demandada de autos.[1] En esencia, alegó que contrató con Numed para recibir los servicios de

---

[1] Apéndice, págs. 1-6.

Número Identificador

SEN2024_____

depilación láser en el área pélvica, pero luego decidió incluir las zonas del bigote y la barbilla, las cuales constaban de tres sesiones. En la última sesión, realizada por la señora Di Brito el 20 de diciembre de 2019, la demandante alegó que sufrió una quemadura en la barbilla. Indicó que la señora Di Brito le había expresado que, como los vellos de la barbilla eran finos, tenía que configurar el equipo más caliente de lo usual. En respuesta, la demandante le pidió que tuviera cuidado porque se iba a casar en unos días. En efecto, narró que sintió el láser más caliente, pero pensó que era normal. Posteriormente, se percató que tenía una bolsa de agua en la barbilla como consecuencia de la presunta quemadura. Llamó y envió fotos a Numed. Adujo que la parte demandada le indicó que era normal y que fuera a buscar una crema, lo cual hizo. Sin embargo, la condición empeoró y visitó a una dermatóloga, quien le informó que el área estaba infectada. Luego del tratamiento médico prescrito, la herida sanó, pero quedó una cicatriz permanente. Por estos hechos, la señora Sosa Santiago solicitó el resarcimiento de los daños físicos y las angustias sufridas, así como los gastos médicos incurridos y futuros.

Por su parte, el 2 de agosto de 2021, los demandados presentaron la *Contestación a Demanda.*[2] En síntesis, si bien aceptaron haber brindado el servicio a la señora Sosa Santiago, negaron las alegaciones de negligencia en su contra. Sostuvieron que, cuando la peticionaria llamó y envió fotos de la bolsa de agua en la barbilla, le preguntaron si se había maquillado y ésta respondió que sí. A esos efectos, presentaron defensas afirmativas, como que la peticionaria asumió el riesgo del servicio recibido, no mitigó daños y que éstos fueron autoinfligidos, al no seguir las

---

[2] Apéndice, págs. 7-11.

instrucciones postprocedimiento, como las de no colocarse maquillaje.

Así las cosas, una vez culminado el descubrimiento de prueba, el 14 de agosto de 2023, las partes litigantes presentaron el informe de conferencia con antelación al juicio.[3] El documento se discutió en una vista celebrada el 1 de noviembre de 2023.[4] El TPI señaló la celebración del juicio para el 1 al 3 de julio de 2024. Ahora, según surge del documento conjunto y la *Minuta* de la audiencia, la señora Sosa Santiago presentó alegaciones en torno a la causa de acción por falta de consentimiento informado. Por consiguiente, el TPI concedió un término para que la parte demandada se expresara sobre la enmienda a la *Demanda*.

En cumplimiento de la orden, Numed y la señora Di Brito se opusieron a la referida enmienda.[5] Afirmaron que la causa por falta de consentimiento informado —independiente y distinta de la reclamada por impericia profesional— era inaplicable al caso de autos. Además, plantearon que la aludida alegación era improcedente porque estaba prescrita.

La señora Sosa Santiago ripostó la oposición.[6] Negó que la causa de acción por falta de consentimiento informado consistiera de una enmienda a la *Demanda,* ya que aseguró que la reclamación incluía imputaciones específicas sobre la falta de orientación, sin particularizar cuáles.[7] Argumentó también que,

---

[3] Apéndice, págs. 12-63.
[4] Apéndice, págs. 64-67.
[5] Apéndice, págs. 68-74.
[6] Apéndice, págs. 75-80.
[7] Las alegaciones sobre negligencia son las siguientes:

.     .     .     .     .     .     .     .

23. La señora Sosa Santiago acudió a la clínica de Numed en busca de servicios estéticos de depilación. Numed y el resto de las codemandadas tenían un deber general y legal de ofrecer sus servicios de manera competente y diligente sin provocar daños a la aquí demandante.

24. Numed y las demás codemandadas operaron el equipo de depilación láser de manera negligente y en claro menosprecio a la seguridad de la señora Sosa Santiago, quien era su clienta. De manera negligente colocaron la intensidad y temperatura de dicha máquina demasiado caliente al punto que le quemaron la cara a la señora Sosa Santiago. Tal proceder se desvió del deber de cuidado que prestar dichos servicios supone.

como parte de la prestación del servicio de manera diligente, estaba incluido el deber de informar los riesgos potenciales del procedimiento estético. Agregó también que, si el TPI entendía que se trataba de una enmienda, entonces, ésta se retrotraía a la fecha de presentación de la *Demanda* original.

Los demandados replicaron.[8] Insistieron en que la causa de acción no le era aplicable por tratarse de un procedimiento estético y no médico. Por igual, reiteraron su postura de que, en vista que en la *Demanda* no surgía una alegación conducente a una causa de acción por falta de consentimiento informado, y "siendo la referida causa de acción una independiente y separada, la misma [estaba] a todas luces prescrita, toda vez que ha transcurrido el plazo de 1 año de prescripción para presentarla, ya sea para enmendar la demanda o para enmendar las alegaciones a través del Informe de Conferencia con Antelación a Juicio".[9] Añadieron que las primeras imputaciones relacionadas con la causa de acción por falta de consentimiento informado surgieron del informe pericial de la demandante, rendido el 15 de junio de 2022. No obstante, pasado el plazo de prescripción de un año, ésta nunca enmendó su reclamación. Por ende, razonaron que, a la fecha de la presentación del informe de conferencia con antelación al juicio el 14 de agosto de 2023, la causa de acción estaba prescrita.

---

25. En adición a lo anterior, Numed y las otras codemandadas fallaron al no orientar correctamente a la señora Sosa Santiago sobre la quemadura que le habían hecho en la cara y sobre cómo debía atenderla. No le dijeron en ningún momento que le habían quemado la cara. No le dijeron cómo debía limpiarse el área tras la quemadura. No le dijeron que no podía usar maquillaje.

26. Además, cuando la señora Sosa Santiago les notificó ese mismo día que le habían quemado la cara, en lugar de orientarla a que buscara asistencia médica con una dermatóloga, le dieron una crema que tuvo el efecto de empeorara la herida.

27. El proceder de las codemandadas se apartó de la conducta que es de esperarse de una persona prudente y razonable.

28. Numed y las codemandadas causaron los daños y perjuicios que sufrió la señora Sosa Santiago.

. . . . . . . . . .

[8] Apéndice, págs. 81-87.
[9] Apéndice, pág. 81.

La señora Sosa Santiago instó una breve dúplica.[10] Arguyó que, de tratarse en efecto de una enmienda a la *Demanda*, los demandados no habían demostrado haber sufrido perjuicio alguno. "Y es que no puede haber perjuicio a una parte que se ha defendido de esta alegación desde que contestó la *Demanda*, que realizó descubrimiento de prueba sobre la falta de orientación y consentimiento informado y que, como si ello fuera poco, ha anunciado el testimonio y opinión de un perito que testificará precisamente sobre su teoría de que el consentimiento informado se obtuvo verbal y que ello en términos de impericia médica supuestamente era suficiente".[11]

Ponderadas las posturas, el 11 de enero de 2024, el TPI notificó la *Resolución* recurrida.[12] En ésta, determinó permitir la enmienda a la reclamación, puesto que los demandados no alegaron ni demostraron un perjuicio causado por ésta. Ahora, concluyó que, independientemente de si el procedimiento practicado constituyó o no un procedimiento médico, la nueva causa de acción por ausencia de un consentimiento ilustrado estaba prescrita y no se retrotraía a la presentación de la *Demanda*.

No conteste, la demandante presentó una *Solicitud de Reconsideración*.[13] Planteó que, una vez el TPI permitió la enmienda por no causar perjuicio a los demandados, debió autorizarla. Rechazó que la causa de acción estuviera prescrita, por virtud de la Regla 13.3 de Procedimiento Civil, *infra*. Es decir, la enmienda autorizada surgía del evento expuesto en la alegación original. El 29 de enero de 2024, el TPI notificó la denegación de la

---

[10] Apéndice, págs. 88-90.
[11] Apéndice, pág. 88.
[12] Apéndice, págs. 91-98.
[13] Apéndice, págs. 99-101.

petición de reconsideración.[14] Aún insatisfecha, la señora Sosa Santiago acudió ante este foro revisor y plasmó el siguiente error:

> Erró el Tribunal de Primera Instancia al no concluir que la Enmienda a la *Demanda* que autorizó y entendió procedente no se retrotrae al momento de la presentación de la *Demanda* y por tanto incorrectamente concluyó que la causa de acción objeto de la enmienda estaba prescrita.

Transcurrido el término de diez (10) días desde la presentación del recurso,[15] sin que Numed Medical Services incoara un memorando en oposición a la expedición del auto discrecional, de conformidad con la Regla 37 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 37 (A), ni presentara un alegato con su postura al discurrir treinta (30) días,[16] en armonía con la Regla 39 (A) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 39 (A), damos por perfeccionado el recurso del título y procedemos a resolver.[17]

## II.

## A.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). Por su parte, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. En lo pertinente, la norma dispone como sigue:

---

[14] Apéndice, págs. 101-102.
[15] Cumplidos el 11 de marzo de 2024.
[16] Cumplidos el 29 de marzo de 2024.
[17] Cabe señalar que, en consonancia con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este foro revisor puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho". 4 LPRA Ap. XXII-B, R. 7 (B) (5).

. . . . . . . .

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

. . . . . . . .

La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *certiorari*, así como aquellas materias que, por excepción, ameritan nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG, supra*, pág. 175.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original y citas omitidas). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**B.**

La prescripción extintiva es una institución legal que extingue el derecho a ejercer determinada causa de acción. *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 192 (2016). A través de la prescripción, se promueve que las reclamaciones se insten oportuna y diligentemente. De esta manera, se propende a la estabilidad en las relaciones y a la seguridad en el tráfico jurídico. *Id.* Además, se evita que una persona esté sujeta indefinidamente a una reclamación y a una situación de indefensión, como consecuencia del paso del tiempo, la pérdida de evidencia, la memoria imprecisa y la dificultad para encontrar testigos. *Id.*, pág. 193. Ahora, lo anterior no es óbice para la interrupción del plazo prescriptivo mediante el ejercicio del derecho ante los tribunales, una reclamación extrajudicial del acreedor o el reconocimiento del deudor. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 373 (2012).

Es norma asentada que la figura de la prescripción es de naturaleza sustantiva y no procesal, por lo que se rige por los principios del Código Civil, en este caso, el de 1930 hoy derogado. *Dist. Unidos Gas v. Sucn. Declet Jiménez*, 196 DPR 96, 116 (2016); *COSSEC et al. v. González López et al.*, 179 DPR 793, 805 (2010). En torno a la causa de acción provista en el Artículo 1868, 31 LPRA ant. sec. 5298, para exigir la reparación de un daño extracontractual causado por culpa o negligencia, al amparo del Artículo 1802,[18] el Código Civil de 1930 establecía un término prescriptivo de un año, desde que lo supo el agraviado. Cónsono con la citada disposición estatutaria y a base de la teoría cognoscitiva del daño, el Tribunal Supremo ha reiterado que "este término comienza a transcurrir una vez el perjudicado conoció —o debió conocer— que sufrió un daño, quién se lo causó, así como los elementos necesarios para ejercitar efectivamente su causa de acción". *Maldonado Rivera v. Suárez y otros*, *supra*, pág. 194, que cita a *COSSEC et al. v. González López et al.*, *supra*, pág. 806 y a *Colón Prieto v. Géigel*, 115 DPR 232, 247 (1984).

Además, el máximo foro ha expresado que la prescripción no es una figura rígida, sino que admite ajustes judiciales, según lo requieran las circunstancias particulares de los casos y la noción sobre lo que es justo. *Vera v. Dr. Bravo*, 161 DPR 308, 328 (2004), que cita a *Santiago v. Ríos Alonso*, 156 DPR 181 (2002). Por tanto, no es hasta que se conocen todos los elementos necesarios para poder ejercitar la acción que el término prescriptivo comienza a cursar. *Vera v. Dr. Bravo*, *supra*. Claro está, "si el desconocimiento que impide ejercer la acción se debe a la falta de diligencia del reclamante, entonces no aplican estas consideraciones liberales sobre la prescripción". *Id.*, pág. 329, que cita a *Montañez v. Hosp.*

---

[18] 31 LPRA ant. sec. 5141.

*Metropolitano*, 157 DPR 96 (2002) y *Padín v. Cía. Fom. Ind.*, 150 DPR 403 (2000).

**C.**

Nuestro ordenamiento jurídico reconoce la causa de acción por falta de consentimiento informado, que confiere a un paciente el derecho de tomar decisiones informadas respecto a alguna intervención médica recomendada como tratamiento. *Lozada Tirado et al. v. Testigos de Jehová*, 177 DPR 893, 911 (2010). Por lo tanto, se le "impone al profesional de la salud el deber de informar a su paciente todo lo relacionado con la naturaleza y los riesgos de un tratamiento médico, de manera que éste pueda tomar una decisión inteligente e informada". *Id.* A esos fines, el médico debe develar la información que, de acuerdo con su conocimiento y experiencia, necesita conocer el paciente para consentir o no el procedimiento médico propuesto. *Rodríguez Crespo v. Hernández*, 121 DPR 639, 655 (1988). Al tenor de lo anterior, al adjudicar una acción de impericia médica por ausencia de un consentimiento ilustrado, el promovente debe probar cuáles son las normas de consentimiento informado aplicables a su caso, cómo incumplió el médico y, de conformidad con los principios generales de negligencia, que la falta de información adecuada fue la causa próxima del daño resultante. *Id.*, págs. 665-666.

**D.**

La Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, regula el procedimiento a seguir para enmendar una alegación:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el

consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene.

Una enmienda a una alegación puede servir para abundar las alegaciones originales, ampliar las causas de acción expuestas en la demanda, o para añadir una o más causas de acción. *Ortiz Díaz v. R. & R. Motors Sales Corp.*, 131 DPR 829, 837 (1992). Para ello, la Regla 13.1 de Procedimiento Civil, *supra*, dispone que en los escenarios como el de autos, la parte promovente de la enmienda requerirá la autorización al TPI, si no media el consentimiento escrito de la parte promovida. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 198 (2012). Con relación a la retroactividad de las enmiendas, la Regla 13.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.2, dispone que, "[s]iempre que la reclamación o defensa expuesta en la alegación enmendada surja de la conducta, del acto, de la omisión o del evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original". Por tanto, para que se retrotraiga la enmienda al momento de la presentación de la reclamación original, lo importante es que ésta surja de la conducta, acto, omisión o evento planteado en la alegación original.

Asimismo, el Tribunal Supremo ha opinado que el paso del tiempo, *ipso facto*, no debe ser un impedimento para la autorización de la enmienda solicitada. S.*L.G. Sierra v. Rodríguez*, 163 DPR 738, 748 (2005). A esos fines, en atención a la firme política pública de que las controversias se resuelvan en sus méritos y que los litigantes tengan su día en corte, se han avalado enmiendas a las alegaciones en etapas avanzadas del litigio. *Id.*,

págs. 748-749; *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 335 (2010).

Ante una solicitud de enmienda a las alegaciones, los tribunales en su discreción deben evaluar con liberalidad los siguientes criterios: "(1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 748 (2005); *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 334 (2010). Cada uno de estos factores debe ser examinado en conjunto, ya que ninguno de ellos opera aisladamente, aunque el factor que resulta de mayor relevancia, al momento de evaluar una solicitud de autorización para enmendar las alegaciones, es el perjuicio que puede causarse a la parte contraria. S.*L.G. Sierra v. Rodríguez, supra,* pág. 748-749; *S.L.G. Font Bardón v. Mini-Warehouse, supra*, pág. 335.

### III.

En la causa presente, la señora Sosa Santiago está conteste con la determinación del TPI al concluir que la enmienda a la *Demanda* para incluir la causa de acción por falta de consentimiento informado no causaba un perjuicio a la parte recurrida. Al respecto, el TPI coligió que los recurridos no alegaron ni demostraron perjuicio alguno, incluso a pesar de que el descubrimiento de prueba había culminado. Sin embargo, la peticionaria sí imputa error al TPI al resolver que la enmienda a la *Demanda* estaba prescrita.

En el dictamen impugnado, el TPI consignó que la señora Sosa Santiago alegó como nueva teoría que:

> [...] no se le advirtió de los riesgos del proceso y las posibles complicaciones de éste. Mucho menos se le advirtió que podía sufrir una quemadura o ampolla en su cara. De las codemandadas haberle advertido de la posibilidad de que sufriera una quemadura en su rostro durante el tratamiento, ciertamente la demandante no hubiese consentido al mismo.

Una evaluación a la nueva causa de acción contra Numed y la señora Di Brito sugiere que está indefectiblemente vinculada con los actos y omisiones presuntamente culposos que la peticionaria expuso en su *Demanda*. Una reclamación civil que fue interpuesta de manera oportuna, por lo que logró interrumpir el plazo prescriptivo de un año. En cuanto a la causa de acción en sí, el consentimiento o la falta de éste necesariamente es un acto u omisión anterior a la conducta dañosa imputada. Esa distinción no impide que pueda plantearse mediante una enmienda, toda vez que el propio aparato procesal provee para ello.

De conformidad con el ordenamiento jurídico previamente esbozado, la retroactividad de una enmienda a las alegaciones al momento de la fecha de la presentación sólo requiere que surja del incidente que dio origen al acto torticero. Así, "si la demanda original se presentó en tiempo, las enmiendas también estarán en tiempo; no surgirá, pues, problema alguno de prescripción, no importa cuándo se hayan presentado las enmiendas". *Ortiz Díaz v. R. & R. Motors Sales Corp.*, *supra*, pág. 837. Nótese además que la enmienda no amerita un nuevo descubrimiento, toda vez que del expediente se desprende que las partes litigantes cuentan, incluso, con prueba pericial relacionada con dicha controversia.

Por estar ante una resolución del TPI en la cual se dispone de una causa de acción, según contemplado en la Regla 52.1 de Procedimiento Civil, *supra*, somos de la opinión que amerita nuestra intervención, al tenor de los criterios contemplados en la Regla 40 de nuestro Reglamento. Teniendo en cuenta que la norma procesal dispone que el permiso para enmendar las alegaciones se concede de forma liberal, ante las circunstancias particulares ya explicadas, procede expedir el auto de *certiorari* y revocar el dictamen impugnado, para permitir la causa de acción, según lo

pretendió la peticionaria mediante el informe de conferencia con antelación al juicio.

**IV.**

Por los fundamentos antes expuestos, se expide el recurso de *certiorari* y se revoca la *Resolución* recurrida. En consecuencia, se permite la enmienda a la *Demanda* y se ordena la continuación de los procedimientos ante el Tribunal de Primera Instancia conforme a lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones